IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Samantha L. Coleman, ) | |
| ) | Civil Action No. 8:15-2466-HMH--KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Schneider Electric USA, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for hearing to determine damages and for default judgment (doc. 8) and the defendant's motion to set aside entry of default and permit late filing (doc. 12).

In her complaint, the plaintiff alleges claims against the defendant, her current employer, for race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and violation of the Equal Pay Act. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

## BACKGROUND

The plaintiff served the summons, complaint, Local Civil Rule 26.01 (D.S.C.) answers to interrogatories, and civil cover sheet upon the defendant via hand delivery to Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina, the defendant's registered agent, on June 25, 2015, as reflected in the affidavit of service executed by the process server (doc. 5). The defendant failed to timely file an answer or motion under Federal Rule of Civil Procedure 12. Accordingly, the plaintiff filed a request for entry of default pursuant to Rule 55(a) on August 13, 2015 (doc. 6), and the Clerk of Court entered default on August 14, 2015 (doc. 7).

On August 18, 2015, the plaintiff filed a motion for evidentiary hearing to determine damages and for default judgment (doc. 8). A hearing notice was filed on August 19, 2105, scheduling a hearing on the plaintiff's motion for September 9, 2015, at 9:30 a.m. As it did not appear from the record that the plaintiff served the defendant with the motion, on August 19, 2015, the undersigned ordered the plaintiff to serve the defendant by August 31, 2015, with the following documents: (1) the request for entry of default (doc. 6); (2) the Clerk's entry of default (doc. 7); (3) the motion for evidentiary hearing to determine damages and for default judgment (doc. 8); and (4) the hearing notice (doc. 9). *See Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 591 n.2 (S.D. Ala. 2007) (noting that courts generally require some notice to be given to a defendant between the time of service of process and entry of default judgment). The plaintiff was further ordered to file a corresponding certificate of service on or before September 2, 2015 (doc. 10). On August 25, 2015, the plaintiff filed the certificate of service showing the defendant was served with the documents on August 20, 2015 (doc. 11).

On August 28, 2015, the defendant filed a motion to set aside entry of default and permit late filing (doc. 12) and an answer to the complaint (doc. 14). On September 1, 2015, the defendant filed a response in opposition to the plaintiff's motion for evidentiary hearing to determine damages and for default judgment (doc. 16). On September 8, 2015, the plaintiff filed a response in opposition to the defendant's motion to set aside entry of default and permit late filing (doc. 18). A hearing on the motions was held before the undersigned on September 9, 2015. The undersigned has considered the briefs and oral arguments of counsel for and against the motions and makes the following recommendation to the district court.

## APPLICABLE LAW AND ANALYSIS

Rule 55(c) provides that the court may set aside the entry of default for "good cause." Fed. R. Civ. P. 55(c). The United States Court of Appeals for the Fourth Circuit has set forth the relevant factors to make this determination as follows:

> When deciding whether to set aside an entry of default, a district court should consider [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

*Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citations omitted). This "good cause" standard is liberally construed "'in order to provide relief from the onerous consequences of defaults . . . .'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.")).

Similarly, pursuant to Rule 6(b), the court may, "for good cause, extend the time" to respond to the complaint "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether the delay is excusable, a court looks to: "'[1] danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 260 (4th Cir. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the above factors weigh in favor of granting the defendant's motion to set aside the entry of default and to permit late filing. The defendant has submitted the affidavit of Mary Ann McLean, the defendant's Deputy General Counsel, in support of its motion. With regard to the plaintiff's claim that she was discriminatorily denied promotions,

Ms. McLean states that the defendant will show that two of the promotions are time barred, one position was not filled, and the other position was filled by a candidate with superior relevant work performance (doc. 12-1, McLean aff. ¶¶ 5-6). Ms. McLean further states that, with regard to the plaintiff's Equal Pay Act claims, the company will show that the male comparator worked in a markedly different position (*id.* ¶ 7). A meritorious defense is shown where the moving party makes "a presentation or proffer of evidence which, if believed, would permit the [c]ourt or jury to find for the defaulting party." *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citation omitted). Accordingly, the defendant has asserted a meritorious defense.

It is clear that the defendant itself is responsible for the default. Ms. McLean states in her affidavit that, although the defendant's corporate office received a copy of the summons and complaint on June 25, 2015, the defendant "unintentionally neglected" to forward the documents to outside counsel (doc. 12-1, McLean aff. ¶ 10). Ms. McLean further states that throughout the month of July the defendant "was deeply involved in several urgent and highly contentious labor matters at multiple locations on the West Coast and in the Midwest of the United States," which "significantly impacted the Company's business operations and legal capacity" (*id.* ¶ 11). As a result, "this matter did not receive the attention that it deserved" (*id.*). Ms. McLean states that, upon receiving the plaintiff's request for entry of default and motion for evidentiary hearing to determine damages and for default judgment, she immediately forwarded all pleadings to outside counsel (*id.* ¶ 12).

The plaintiff argues that the fact that the defendant is responsible for the default - rather than its outside attorney - should result in denial of the defendant's motion. In support of that argument, the plaintiff relies on *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987), in which the Fourth Circuit upheld the district court's denial of relief from default judgment where the defendant could not explain the disappearance of the summons and complaint, even though the court concluded the defendant had a meritorious defense and acted promptly to seek relief from the default judgment. As the plaintiff acknowledges, however, *Park Corp.* was decided under Rule 60(b) on a motion to

4

set aside default *judgment* rather than under Rule 55(c) as a motion to set aside *entry* of default. As pointed out by defense counsel, "'Although the criteria set forth in Rule 60(b) may be relevant to the determination of the presence of good cause, the standard for good cause under Rule 55(c) [for relief from entry of default] is more liberal than the standard for relief from judgment under Rule 60(b).'" *Miller v. Clear Channel Commun., Inc.*, C.A. 6:07-89-HMH, 2007 WL 2692180, at *2 (D.S.C. Sept. 12, 2007) (quoting *Philips v. Weiner*, 103 F.R.D. 177, 181 (D. Me.1984)). As the Fourth Circuit has stated:

> Equally pertinent, the *Park Corp*. court reviewed the denial of a Fed.R.Civ.P. 60(b) motion for relief from a default judgment, not, as in this case, a Rule 55(c) motion to set aside entry of default. Although we have analyzed Rule 55(c) and Rule 60(b) motions using the same factors, *see United States v. Moradi*, 673 F.2d 725, 727–28 (4th Cir.1982), the burden on a movant seeking relief under the two rules is not the same. As the district court recognized, Rule 60(b) motions request relief from judgment, which implicates an interest in "finality and repose," *see id.*, a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered. Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s "excusable neglect" standard is a more onerous standard than Rule 55(c)'s "good cause" standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality.

*Colleton Prepatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010). Defense counsel notes that Ms. McLean promptly responded to the plaintiff's charge of discrimination before the Equal Employment Opportunity Commission, and there was no purposeful conduct in attempting to delay or avoid this litigation. Here, while the defendant itself rather than an outside attorney is responsible for the failure to timely answer, the evidence shows that this was an unintentional mistake. Under the "more forgiving" standard of Rule 55(c), this factor is not dispositive of the issue before the court.

The defendant has shown that it acted promptly upon learning of the entry of default. As noted above, on August 20, 2015, the plaintiff served the defendant with the request for entry of default, the Clerk's entry of default, the motion for evidentiary hearing to determine damages and for default judgment, and the hearing notice. Upon receipt of

these documents, Ms. McLean "immediately requested that [her] office forward all pleadings in the matter to outside counsel" (doc. 12-1, McLean aff. ¶ 12).  Just eight days later, the defendant filed its answer and the motion to set aside entry of default and permit late filing. *See H & C Corp., Inc. v. Puka Creations, LLC*, C.A. No. 4:12-13-RBH, 2012 WL 5610114, at *1 (D.S.C. Nov. 15, 2012) (finding defendant acted promptly in moving to set aside entry default 21 days after notice); *Davis v. State Farm Life Ins. Co.*, C.A. No. 3:10-cv-372-JFA, 2010 WL 1963377, at *2 (D.S.C. May 17, 2010) (finding defendant acted reasonably promptly in moving to set aside entry of default 25 days after notice).

There is no showing of prejudice to the plaintiff other than delay in the prosecution of the lawsuit.  *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988) ("As to prejudice, we perceive no disadvantage to [the plaintiff] beyond that suffered by any party which loses a quick victory.").  The defendant's delay appears to be the result of unintentional neglect, and no history of dilatory action has been shown.  Lastly, there are sanctions available that are less drastic than default.  Specifically, the defendant may be charged with all attorney fees and costs attendant to the delay.  *See Lolatchy*, 816 F.2d at 953.  As the plaintiff's counsel noted in the hearing, as a result of the defendant's failure to timely answer, he has had to file the request for entry of default (doc. 6), the motion for hearing to determine damages and for default judgment (doc. 8), and a response in opposition to the defendant's motion to set aside default and permit late filing (doc. 18), as well as incurring costs in serving the defendant in accordance with this court's order on August 19, 2015 (doc. 10).  Accordingly, the undersigned recommends that the defendant be required to pay the plaintiff's costs and attorney fees incurred as to these filings and will direct the plaintiff's counsel to provide an affidavit and accounting in support of such.

While the undersigned agrees with the plaintiff that the defendant is itself responsible for the default, this is only one factor for the court's consideration, and the factors as a whole weigh in favor of setting aside entry of default, as does the Fourth Circuit policy favoring disposition of claims on their merits. *See Colleton Preparatory Academy,*

6

*Inc.,* 616 F.3d at 417 (noting the court has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits"); *Moradi,* 673 F.2d at 727 ("[T]he clear policy of the Rules is to encourage disposition of claims on their merits . . . .").

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendant's motion to set aside entry of default and permit late filing (doc. 12) be granted and that the plaintiff's motion for evidentiary hearing to determine damages and for default judgment (doc. 8) be denied as moot. The plaintiff's counsel is directed to file an affidavit and accounting of his fees and costs associated with the above-cited filings and service on or before September 18, 2015.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

September 9, 2015
Greenville, South Carolina