IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Samantha L. Coleman, | ) | |
| | ) | C.A. No. 8:15-2466-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Schneider Electric USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (2006).

Magistrate Judge McDonald recommended granting Defendant's motion to set aside entry of default and permit late filing. The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). After a thorough review

of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.  Therefore, the court grants Defendant's motion to set aside entry of default and permit late filing.

In addition, the magistrate judge recommended that the Defendant be required to pay the Plaintiff's attorneys' fees and costs incurred as a result of Defendant's failure to timely file a response to Plaintiff's summons and complaint.  "It is well established that the allowance of attorneys' fees is within the judicial discretion of the trial judge."  Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978) (internal quotation marks omitted).  Several factors are to be considered in making the determination of reasonable attorneys' fees.  Id.  These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 226 n.28.  In this case, the Plaintiff seeks attorneys' fees and costs incurred as a result of Defendant's failure to timely serve a response to Plaintiff's summons and complaint in the amount of $7,948.80.[1]  (Aff. Supp. Ex. 1 (Brown Aff. ¶ 6), ECF No. 22-1.)  Defendant's attorney, Stephen H. Brown ("Brown"), has submitted an affidavit stating that the work and

---

[1] This amount is the sum of attorneys' fees (22.5 hours at a rate of $350 per hour for a subtotal of $7,875.00) and costs (a subtotal of $73.80 for service process and copying/printing services).  (Aff. Supp. Ex. 1 (Brown Aff. ¶ 6), ECF No. 22-1.)

expenses incurred were required and reasonable, and would not have been incurred but for Defendant's failure to timely serve a response. (Id. Ex. 1 (Brown Aff. ¶¶ 5-6), ECF No. 22-1.) Further, Brown declares he charged his regular hourly rate, which he has maintained for several years. (Id. Ex. 1 (Brown Aff. ¶ 4), ECF No. 22-1.) Brown submits that his fee is reasonable and customary in this area for a lawyer with his expertise, certification, and more than twenty years of experience. (Id. Ex. 1 (Brown Aff. ¶¶ 3-4), ECF No. 22-1.) Lastly, Defendant has not objected to the amount requested for attorneys' fees. Based on the foregoing factors, information, and supporting documents before the court, the court finds the sum of $7,948.80 for attorneys' fees and costs to be reasonable, and Plaintiff is awarded attorneys' fees and costs against Defendant in this amount. This matter is recommitted to the magistrate judge for further proceedings.

It is therefore

**ORDERED** that the Defendant's motion to set aside entry of default and permit late filing, docket number 12, is granted. It is further

**ORDERED** that the Plaintiff's motion for evidentiary hearing to determine damages and for default judgment, docket number 8, is denied as moot. It is further

**ORDERED** that Plaintiff is awarded attorneys' fees and costs against the Defendant in the amount of $7,948.80, which represents $7,875.00 in attorneys' fees and $73.80 in costs.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 6, 2015